IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EUGENE JAMES TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-CV-121-JFJ |
| | ) |
| THE CITY OF TULSA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant City of Tulsa's Motion to Dismiss (ECF No. 12).[1] Plaintiff did not respond to Defendant's Motion to Dismiss within the time limits stated in the Court's local rules, and the motion is ripe for resolution. *See* LCvR 7-1(e).[2]

**I.    Factual Background**

The following relevant facts are alleged in the Complaint (ECF No. 2). Plaintiff Eugene James Turner ("Plaintiff") is a resident of the City of Tulsa. Compl. ¶ 5. Detective Amy Hall ("Hall") was employed by Defendant City of Tulsa ("City") as an officer of the Tulsa Police Department ("TPD"). *Id.* ¶¶ 6, 8. On October 25, 2020, Hall investigated a domestic assault against Shaniece Starks, who named her assailant as "Eknow Brown." *Id.* ¶ 12. Hall was unable to locate any person with that name, but she checked utility billing for the address where the incident occurred and discovered the name on the account to be "Eugene Turner." *Id.* Hall ran a

---

[1] Defendants Amy Hall and Wendell Franklin were dismissed without prejudice based on Plaintiff's failure to effect service. ECF No. 17.

[2] Local Civil Rule 7-1(e) permits only unopposed *non-dispositive* motions to be deemed confessed. Moreover, "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). The Court therefore considers the merits of Defendant's motion.

records check to identify Plaintiff. *Id.* ¶ 13. Hall obtained a warrant for Plaintiff's arrest, including making sworn allegations in an affidavit, without further investigation as to the true identity of the assailant. *Id.* Plaintiff alleges that Hall "recklessly accused him of having committed a crime and swore to the facts listed in the affidavit which were totally untrue and unfounded." *Id.* ¶¶ 3, 14. On April 21, 2021, Plaintiff was arrested for the charge of domestic assault. He was handcuffed, forced into the back of a patrol car, and jailed for over forty-eight hours. *Id.* ¶ 14. Plaintiff paid a $15,000 bond and had to wear an ankle monitor before he was released. *Id.* The case was later dismissed. *Id.* ¶ 4.[3]

On March 13, 2025, Plaintiff filed a Complaint against Hall, City, and Wendell Franklin ("Franklin"), former TPD Chief of Police, asserting three causes of action. First, Plaintiff alleges Hall and Franklin violated his Fourth Amendment rights by (1) "causing him to be subjected to an unreasonable seizure," based on the "reckless disregard for [his] liberty as demonstrated in their investigation and investigation techniques," and (2) "causing him to be jailed on a warrant sworn to be true and correct but obviously containing false information as to the assailant." *Id.* ¶¶ 17-18. This claim arises under 42 U.S.C. § 1983 ("§ 1983 claim"). Plaintiffs seek to hold City liable for the Fourth Amendment violation under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) ("*Monell* claim"). Finally, Plaintiff asserts a state law claim for intentional infliction of emotional distress ("IIED") against City.

## II.   Motion to Dismiss

City seeks dismissal of all claims against it. Relevant to this Opinion and Order, City seeks dismissal on the following grounds: (1) Plaintiff filed to timely file the § 1983 claim and corresponding *Monell* claim within the statutes of limitations, and such claims must be dismissed

---

[3] Plaintiff refers to "Exhibit A" in support of the dismissal of his criminal case. Compl. ¶ 4. However, no exhibits were attached to the Complaint.

with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) Plaintiff failed to satisfy the jurisdictional prerequisites of the Oklahoma Governmental Tort Claims Act ("GTCA"), and the IIED claim must be dismissed with prejudice pursuant to Rule 12(b)(1).  The Court agrees with both arguments and dismisses all claims against City with prejudice.

### A.     § 1983 Claim/*Monell* Claim

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the nonmoving party. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). A court must then determine whether these accepted facts state a facially "plausible" claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* at 678 (citation modified).  If the allegations in the complaint show that the requested relief is barred by the applicable statute of limitations, the complaint is subject to dismissal with prejudice for failure to state a claim under Rule 12(b)(6).  *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018).

"The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose, and in Oklahoma, that period is two years." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (internal citation omitted).

"[T]he accrual date of a § 1983 cause of action is a question of federal law," and under federal law, "the standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citation modified).

Plaintiff asserts a § 1983 claim for "unreasonable seizure" based on wrongful sworn allegations in an arrest warrant. Under Tenth Circuit law, if a person is imprisoned without legal process, he has a Fourth Amendment claim analogous to the tort of false arrest/false imprisonment. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Such claim accrues when the victim is released, or when the victim first receives legal process, such as when he is bound over by a magistrate judge or arraigned on charges. *Id.* at 1082-83. If a person is imprisoned pursuant to "legal but wrongful process," he has a Fourteenth Amendment due process claim analogous to a tort claim for malicious prosecution. *Id.* at 1083. Such claim accrues once the action has "been terminated in favor of the plaintiff." *Id.*

Here, it is irrelevant whether Plaintiff's § 1983 claim, and corresponding *Monell* claim, are classified as akin to the tort of false imprisonment or akin to the tort of malicious prosecution. Plaintiff was released from custody on or around April 23, 2021, and the action was terminated in his favor on May 17, 2021. *See docket sheet in State of Oklahoma v. Turner*, CM-2020-4045 (Tulsa Cnty.), available at oscn.net.[4] Using either as the relevant accrual date, Plaintiff's civil suit filed March 13, 2025, was well outside the two-year statute of limitations. Plaintiff failed to respond to the Motion to Dismiss or otherwise argue for a later accrual date. Such claims are therefore dismissed with prejudice pursuant to Rule 12(b)(6). *Gee v. Pacheco*, 627 F.3d 1178,

---

[4] The Court may take judicial notice of the criminal docket sheet in the underlying state case because it is a public record. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008).

1181 (10th Cir. 2010) (affirming dismissal with prejudice where claims were barred by statute of limitations); *McGowan v. Wal-Mart Stores*, 757 F. App'x 786, 788 n.3 (10th Cir. 2019) (explaining that dismissals based on untimeliness are ordinarily with prejudice).

    **B.**    **IIED Claim**

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a complaint for lack of subject-matter jurisdiction. "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (quotation omitted). When a party seeks dismissal under Rule 12(b)(1), it can launch either a facial or factual attack on the complaint. *See Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). In reviewing a facial attack under Rule 12(b)(1), "the district court must accept the allegations in the complaint as true." *Id.* "Dismissal is proper where 'the complaint fails to allege any basis for subject matter jurisdiction over the claims raised therein.'" *Hill v. Dep't of Hum. Servs. & CSE Agency*, No. 20-CV-25-TCK-JFJ, 2020 WL 4677302, at *1 (N.D. Okla. Aug. 12, 2020) (quoting *Harrison v. United States*, 329 F. App'x 179, 181 (10th Cir. 2009)).

City makes a facial attack on the Complaint, arguing that Plaintiff failed to satisfy the GTCA's jurisdictional prerequisites of notice and timeliness. To bring a tort claim against the state or a political subdivision, the GTCA requires an individual to first present the claim to the state or political subdivision within one year of the alleged loss. Okla. Stat. tit. 51 § 156(A)-(B). The individual may only bring suit if the state or political subdivision denies the claim, which must occur within 90 days of the claim's presentation. *Id.* § 157(A). Then, the suit must be brought within 180 days of denial. *Id.* § 157(B). These requirements are "jurisdictional prerequisites." *Bishop v. Okla. ex rel. Okla. Dep't of Hum. Servs.*, No. CIV-13-171-D, 2014 WL 6090942, at *3

n.3 (W.D. Okla. Nov. 13, 2014) (explaining that "because the notice provision of the GTCA is a jurisdictional prerequisite," dismissal was proper pursuant to Rule 12(b)(1)).

Here, Plaintiff alleges that his loss occurred during a period of wrongful imprisonment ending on or around April 23, 2021. Under the GTCA's mandate of presenting the claim within a year of loss, Plaintiff would have had to present the claim to City by April 23, 2022. City's denial would have occurred, at the latest, 90 days later on July 20, 2022. Assuming Plaintiff provided the proper notice and received a denial, the outer limit of when Plaintiff must have filed suit on his IIED claim was January 16, 2023. Because Plaintiff filed this suit on March 13, 2025, over two years later, he did not comply with the GTCA's jurisdictional prerequisites. Again, Plaintiff failed to respond to the Motion to Dismiss or otherwise argue that the GTCA's prerequisites were met. Plaintiff's IIED claim is therefore dismissed with prejudice under Rule 12(b)(1). *Bishop*, 2014 WL 6090942, at * 3 (dismissing tort claim where plaintiffs "failed to establish either valid notice of the claim or timely filing of his action"); *Pendergraft v. Bd. of Regents of Okla. Colls.*, No. CV-18-793, 2019 WL 3806639, at *5 (W.D. Okla. Aug. 13, 2019) ("Because the Court finds that Plaintiff has failed to comply with the jurisdictional prerequisites of the GTCA, Plaintiff's state tort claims . . . must be dismissed with prejudice to refiling."). Again, Plaintiff failed to respond to the Motion to Dismiss or otherwise argue for a later accrual date, and dismissal is proper based on the facts alleged.

**III.    Conclusion**

For the reasons detailed above, Defendant City of Tulsa's Motion to Dismiss (ECF No. 12) is **GRANTED**. All claims against City of Tulsa are **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  This Order terminates the litigation.

**SO ORDERED** this 8th day of December, 2025.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**